IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

MARK CAMPBELL,                                    PLAINTIFF
ADC #144234

CASE NO. 5:17-CV-336-JLH-BD

V.

DANNY BURL, et al.                                DEFENDANTS

## RECOMMENDED DISPOSITION

### I. Procedure for Filing Objections

This Recommended Disposition ("Recommendation") has been sent to Judge J. Leon Holmes. You may file written objections to this Recommendation. If you file objections, they must be specific and must include the factual or legal basis for your objection. Your objections must be received in the office of the Court Clerk within 14 days of the date of this Recommendation.

If no objections are filed, Judge Holmes can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

### II. Discussion

Mark Campbell, an Arkansas Department of Correction ("ADC") inmate, filed this civil rights lawsuit without the help of a lawyer under 42 U.S.C. § 1983. (Docket entry #2) Mr. Campbell alleges that ADC officials incorrectly computed the days that he was assigned to punitive isolation. He complains that he was improperly held in punitive

isolation for 35 days, in violation of his eighth and fourteenth amendment rights. Mr. Campbell seeks declaratory and monetary relief.

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee before ordering service of process. 28 U.S.C. § 1915A(a). The Court must dismiss claims that are legally frivolous or malicious; that fail to state a claim upon which relief may be granted; or that seek monetary relief from a defendant who is immune from paying damages. 28 U.S.C. § 1915A(b). Unfortunately for Mr. Campbell, he has failed to state a constitutional claim.

The Constitution requires that prisoners be housed in a humane manner, but it "does not mandate comfortable prisons" or that prisoners be "free of discomfort." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Only "extreme deprivations" that deny "the minimal civilized measure of life's necessities" are serious enough to support an eighth amendment claim. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Here, Mr. Campbell has not alleged that he suffered any extreme deprivation during his assignment to punitive isolation. Without those serious deprivations, he cannot proceed on his eighth amendment claim.

Moreover, his allegations fail to state a claim for denial of due process. A prisoner has a right to procedural due process under the Fourteenth Amendment only if he has a liberty interest at stake. See *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003). Under settled law, a prisoner's liberty interests are limited to freedom from restraint that "imposes atypical and significant hardship on

2

the inmate in relation to the ordinary incidents of prison life," or to actions which "inevitably affect the duration of [a prisoner's] sentence." *Sandin v. Conner*, 515 U.S. 472, 487, 115 S.Ct. 2293 (1995). Placement in punitive isolation or administrative segregation for relatively short intervals, even if it results in a temporary suspension of privileges, is not deemed an "atypical and significant" hardship that triggers the protection of the due process clause. *Portley–El v. Brill*, 288 F.3d 1063, 1065–66 (8th Cir. 2002) (holding that thirty days in punitive segregation was not an atypical and significant hardship under *Sandin*). Accordingly, the temporary changes in Mr. Campbell's conditions of his confinement, even if improper, do not rise to the level of a constitutional due process violation.

To the extent that Mr. Campbell claims that ADC officials improperly processed his grievances, this allegation fails to state a federal claim for relief. Under settled law, inmates do not have a constitutional right to an inmate grievance procedure. *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002); and *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Therefore, a prison official's failure to properly process or respond to a grievance, standing alone, is not actionable under § 1983.

Similarly, Mr. Campbell's allegations concerning the Defendants' failure to abide by ADC policies and procedures do not state a federal claim. See *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003); *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997); *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996).

## III. Conclusion

Mr. Campbell's claims should be DISMISSED, with prejudice. The Court also recommends that Judge Holmes certify that this dismissal constitutes a "strike" for purposes of 28 U.S.C. § 1915(g) and that an *in forma pauperis* appeal of this dismissal would be frivolous.

DATED this 19th day of December, 2017.

_____
UNITED STATES MAGISTRATE JUDGE

4